IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED
SEP 11 2007
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| FERNANDO MORALES-GARZA, | § § § | |
| Plaintiff, | § | |
| V. | § § | CIVIL ACTION NO. B-07-17 |
| SUSANA LORENZO-GIGUERE,<br>Special Litigation Counsel<br>Voting Section, Civil Rights Division<br>U.S. Department of Justice, | § § § § § | |
| Defendant. | § | |

## OPINION & ORDER

BE IT REMEMBERED that on September 11, 2007, the Court considered Plaintiff's Opposed Motion for a Hearing, Dkt. No. 12, and Defendant's Motion to Dismiss, Dkt. No. 6. With regard to the Motion for a Hearing, the Court considered Plaintiff's Motion and Defendant's Response to Plaintiff's Motion for a Hearing. Dkt. No. 13. With regard to the Motion to Dismiss, the Court considered Defendant's Motion, Dkt. No. 6, the Memorandum in Support of Defendant's Motion to Dismiss, Dkt. No. 7, Plaintiff's Opposition to Motion to Dismiss, Dkt. No. 9, Plaintiff's Memorandum in Support of Plaintiff's Opposition to Motion to Dismiss, Dkt. No. 10, Defendant's Reply to Plaintiff's Opposition to Motion to Dismiss, Dkt. No. 14, and Plaintiff's Response to the Defendant's First Reply, Dkt. No. 15. For the following reasons, Plaintiff's Motion for a Hearing, Dkt. No. 12, is **DENIED** and Defendant's Motion to Dismiss, Dkt. No. 6, is **GRANTED**.

I. **Background**

In July 2006, Plaintiff, Fernando Morales, appearing pro se, filed a Petition for Summary Judgment to commence a lawsuit in the Eastern District of Virginia against the United States Election Assistance Commission ("EAC"). Dkt. No. 7, at 7 n.2; Dkt. No. 7,

1

Ex. 2; Dkt. No. 10, at 6. Plaintiff requested that the court force the EAC to tell states to comply with the Help America Vote Act of 2002 ("HAVA"), 42 U.S.C. § 15301 *et seq.* to prevent "national chaos." Dkt. No. 7, Ex. 2 at 1-2. The Eastern District Court dismissed Plaintiff's claim and held that Plaintiff had not proved that Congress had not waived sovereign immunity under HAVA, Dkt. No. 7, Ex. 3 at 8-9, and that Plaintiff lacked standing to bring suit because he had not articulated anything more than a "cursory warning" of "national chaos" and had not proved that the relief sought would remedy an individual imminent injury. *Id.* at 9-11 (asserting that his generalized grievance was insufficient to establish standing).

On March 1, 2007, Plaintiff, Fernando Morales-Garza,[1] appearing pro se, filed a Petition for Summary Judgment, Dkt. No. 1, to initiate the instant case. Plaintiff alleged that Defendant, Susana Lorenzo-Giguere, as "one of the specific neurons of the [Department of Justice] brain charged with the interpretation of HAVA", failed to respond to the states' failure to implement voting procedures that would comport with HAVA requirements. Dkt. No. 1, at 1. Plaintiff requested that the Court interpret HAVA and instruct Defendant to take action to prevent future HAVA violations. *Id.* at 2, 5. Plaintiff explained that the EAC, a new federal agency established to help with the administration of federal elections, implicitly requested that inventors submit solutions to the privacy concerns with absentee voting, yet when Plaintiff, as an inventor, submitted his proposed solution it was not utilized. Dkt. No. 10, at 4. Plaintiff stated that the HAVA violation and the impending HAVA violations caused him "injury in fact" by diluting his vote and causing him to lose confidence in the electoral process. *Id.* at 5-6; Dkt. No. 1, at 5. Plaintiff further indicated that he suffered injury when the EAC disregarded his proposed solution. Dkt. No. 10, at 5. Plaintiff asserted causes of action based on 42 U.S.C. § 15481 (HAVA), 42 U.S.C. § 1983 (civil action for deprivation of rights), and 28 U.S.C. § 1498 (patent and copyright). Dkt. No. 1, at 4; Dkt. No. 10, at 1, 3, 4, 7.

---

[1] Plaintiff admits to being the same person who brought the case against the EAC in 2006, *Fernando Morales v. U.S. Election Assistance Commission*, 1:06MC46, GBL/TRJ (E.D. Va. 2006). Dkt. No. 10, at 2, 3, 6.

2

Defendant moves for dismissal arguing that the Court has no subject matter jurisdiction and that Plaintiff failed to state a claim on which relief can be granted. FED. R. CIV. P. 12(b)(1),(6) (2006).

## II.     Motion for a Hearing

When considering a motion to dismiss, a court may allow parties to submit affidavits, engage in further discovery, present oral testimony, or conduct an evidentiary hearing. Moran v. Kingdom of Saudi Arabia, 27 F.3d 169, 172 (5th Cir. 1994). However, an "evidentiary hearing is not required." Id. at 273.

The instant motion to dismiss involves legal issues made sufficiently clear in the parties' multiple filings. See Dkt. Nos. 1, 6, 7, 9, 10, 14, 15. Therefore, the Court finds that a hearing on the issues is not necessary. Plaintiff's Motion for a Hearing is **DENIED**. Dkt. No. 12.

## III.    Motion to Dismiss

### A. Rule 3: The Complaint

Generally, a "document filed pro se is 'to be liberally construed.'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981). In the instant motion to dismiss, Defendant asserts that this Court lacks jurisdiction because Plaintiff failed to comply with Rule 3 of the Federal Rules of Civil Procedure and file a complaint with the Court. Dkt. No. 7, at 11. In support, Defendant cites two district court cases from the Sixth and Third Circuits; however, those cases are distinguishable from the instant case. Defendant points to P.K. Family Restaurant v. I.R.S., where the court held an initial pleading styled "Temporary Restraining Order to Keep Business in Operation" did not satisfy the requirement that the plaintiff file a complaint to commence the lawsuit. 535 F. Supp. 1223, 1224 (D. Ohio 1982). However, in that case, the plaintiff was represented by counsel and still failed to comply with Rule 3. Id. at 1223-24. Defendant also looks to Lampenfield v. IRS, where the court held that a motion for injunctive relief did not satisfy the Rule 3 requirement. 1989 U.S. Dist. LEXIS 14329, at *5 (W.D. Pa. 1989). Similarly,

3

in *Lampenfield*, the plaintiffs were represented by counsel and nonetheless failed to file a complaint. *Id.* at *4.

Plaintiff asserts that his Petition is sufficient to satisfy Rule 3 because a district court previously accepted a similar Petition for Summary Judgment which he used to commence a substantially similar case. Dkt. No. 10, at 3. However, in that case, the court seemed to treat the Petition for Summary Judgment as a motion for summary judgment. *See* Dkt. No. 7, Ex. 2 at 1, 12 (ordering that Plaintiff's Motion for Summary Judgment be denied).

In the instant case, Plaintiff is pro se. This Court finds that justice would not be served were this Court to read narrowly Plaintiff's initial filing and dismiss the case because Plaintiff failed to file a document styled "Complaint." *See Erickson*, 127 S. Ct. at 2200; *Miller*, 636 F.2d at 988. In Plaintiff's Petition for Summary Judgment, Dkt. No. 1, he attempts to provide the Court with the legal and factual grounds for a claim against Defendant. In the Rationale section of the Petition, Plaintiff alleges Defendant's injurious action and a subsequent injury. *Id.* at 5. Plaintiff also requests relief from the Court. *Id.* As such, Plaintiff's initial filing, Dkt. No. 1, can be read to satisfy the requirements for a complaint. FED. R. CIV. P. 8(a) (requiring a short, plain statement of the grounds for jurisdiction, a short, plain statement of the grounds for relief, and a demand for judgment for relief).

Plaintiff's initial filing requests that the Court interpret HAVA. Dkt. No. 1, at 5. Not until Plaintiff's response to Defendant's motion to dismiss does Plaintiff explicitly state the grounds on which he asserts he is entitled to relief. Dkt. No. 10. In Plaintiff's response, he asserts three federal statutes that provide the grounds for his suit: 42 U.S.C. § 15481 (HAVA), 42 U.S.C. § 1983 (civil action for deprivation of rights), 28 U.S.C. § 1498 (patent and copyright). *Id.* at 1. However, in Plaintiff's initial filing on March 1, 2007 he only mentioned § 15481 as a possible ground for relief. Dkt. No. 1, at 4. Not until Plaintiff's filing on May 8, 2007, when responding to Defendant's Motion to Dismiss, did Plaintiff assert that 42 U.S.C. § 1983 and 28 U.S.C. § 1498 also provided grounds for relief. Dkt. Nos. 9, 10. Plaintiff did not seek Court approval for this late amendment. FED. R. CIV. P. 15(a). However, Defendant did not object to this late attempt to amend the initial filing and in fact responded to Plaintiff's amended claims. Dkt. No. 14.

4

Plaintiff asserts three grounds for relief, all of which "arise under" federal law and give this Court original jurisdiction. 28 U.S.C. § 1331 (2007); Miller v. Stanmore, 636 F.2d 986, 989 (5th Cir. 1981). Defendant submits that this case should be dismissed based on Federal Rules of Civil Procedure 12(b)(1),(6). Dkt. Nos. 6, 7.

### B. Rule 12(b)(1): Subject Matter Jurisdiction

Rule 12(b)(1) allows a court to dismiss a lawsuit where the pleader proves that the court "lacks jurisdiction over the subject matter." FED. R. CIV. P. 12(b)(1). Essentially, Plaintiff bears the burden of establishing that this Court has subject matter jurisdiction over the various claims he raised. Ramming v. U.S., 281 F.3d 158, 161 (5th Cir. 2001). "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." Id. (citing Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir. 1998)). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." Home Builders Ass'n of Miss., Inc., 143 F.3d at 1010 (quoting Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996)).

Plaintiff asserts three statutory grounds for this case: 42 U.S.C. § 15481, 42 U.S.C. § 1983, 28 U.S.C. § 1498. Dkt. No. 10, at 1. All three are federal statutes and therefore, Plaintiff implicitly asserts that this Court has federal question jurisdiction. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). For federal question cases brought under § 1331, a court must not dismiss the suit but for two exceptions: (1) where the claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or [(2)] where such a claim is wholly insubstantial and frivolous." Bell v. Hood, 327 U.S. 678, 682-83 (1946). However misplaced, Plaintiff's case does rely upon the federal claims asserted and thus they cannot be considered "immaterial" to the complaint. Southpark Square Ltd. v. City of Jackson, 565 F.2d 338, 342 n.5 (5th Cir. 1977). Nonetheless, the second Bell exception does apply and thereby strips this Court of jurisdiction.

This Court may find that the causes of action Plaintiff asserts are insubstantial and frivolous if they are "obviously without merit or because [their] unsoundness so clearly results from the previous decisions of [the Supreme Court] as to foreclose the subject." *Id.* at 342 (quoting Cal. Water Service Co. v. City of Redding, 304 U.S. 252, 255 (1938)). While a jurisdictional inquiry should generally not reach the merits of the case, *Weir v. Muller*, 527 F.2d 872, 873 (5th Cir. 1976), the second *Bell* exception allows this Court to reach the merits of Plaintiff's claims. *Southpark Square Ltd.*, 565 F.2d at 343 n.7.

Plaintiff's claims are insubstantial and frivolous, and therefore this Court does not have subject matter jurisdiction over this action. First, the declaratory relief sought under § 15481 is not available. Defendant incorrectly asserts that collateral estoppel[2] and sovereign immunity[3] prevent jurisdiction. Nonetheless, Plaintiff's § 15481 claim cannot justify this Court's jurisdiction. Sandusky Co. Democratic Party v. Blackwell, 387 F.3d 565, 572 (6th Cir. 2004) ("HAVA does not itself create a private right of action."); Paralyzed Veterans of Am. v. McPherson, 2006 WL 3462780, at *7 (N.D. Cal. 2006) (indicating that HAVA does not provide a cause of action for individual suits for damages and declaratory or injunctive relief). Plaintiff's contention that EAC's implicit call for a solution to the privacy dilemma, Dkt. No. 10, at 7, does not establish that Congress statutorily granted a private cause of action under HAVA. Blessing v. Freestone, 520 U.S. 329, 340-41 (1997).

Moreover, a HAVA claim bolstered by § 1983 would still not grant this Court jurisdiction. *Compare* Taylor v. Onorato, 428 F. Supp. 2d 384, 386-87 (W.D. Pa. 2006) (holding that § 1983 does not enable individuals to sue for HAVA violations, rather "the

---

[2] Collateral estoppel, or issue preclusion, prevents repeated litigation of the identical issue of law or fact where the issue, trivial or non-trivial, was actually litigated by the same parties, necessary to the previous court's judgment, and reviewed under the same standard as the present issue. Duffy & McGovern Accommodation Services v. QCI Marine Offshore, Inc., 448 F.3d 825, 829-30 (5th Cir. 2006). This Court finds that the issues in the instant complaint have varied enough from the prior complaint that collateral estoppel does not bar consideration of the issues.

[3] Plaintiff is seeking declaratory relief, and therefore sovereign immunity is not the shield Defendant asserts it to be. The Declaratory Judgment Act, 28 U.S.C.A. § 2201, avoids the sovereign immunity hurdle and gives this Court jurisdiction over the instant action to the extent Plaintiff's claims survive other jurisdictional hurdles. Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 241 (1937).

appropriate remedy is an action by the federal government to discontinue funds to the jurisdiction") *with Sandusky Co. Democratic Party*, 387 F.3d at 573 (indicating § 1983 may provide an avenue for individual claims under HAVA, as to hold otherwise would foreclose federal judicial review of state actions which abridge or deny individuals' rights to vote). Section 1983 applies to *state officials* acting under color of state law who violate federal law. 42 U.S.C.A. § 1983. While Plaintiff is suing Defendant in her official capacity, Defendant is a *federal* officer. Section 1983 does not apply to federal officers. Thus, § 1983 cannot save the HAVA claim.

Similarly, § 1498 does not provide a valid ground for suit. Section 1498 protects patented inventions from use by others without a license or permission. 28 U.S.C.A. § 1498. Plaintiff asserts the opposite. While Plaintiff does not address whether his invention was patented, he asserts a claim because the EAC did *not* use his product when it was available to them. Dkt. No. 10. Section 1498 does not provide a claim or remedy for the scenario Plaintiff presents.

As Plaintiff failed to assert a viable private cause of action under federal law, this Court lacks subject matter jurisdiction over the instant suit. Therefore, Defendant's Motion to Dismiss, Dkt. No. 6, is **GRANTED**.

## IV. Conclusion

WHEREFORE the Court **DENIES** Plaintiff's Opposed Motion for a Hearing, Dkt. No. 12, and **GRANTS** Defendant's Motion to Dismiss, Dkt. No. 6.

DONE at Brownsville, Texas, this 11th day of September, 2007.

Hilda G. Tagle
United States District Judge